

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 1:08-CR-146 |
| | § | |
| ELTON MIMS, JR. | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Elton Mims, Jr., violated conditions of supervised release imposed by United States District Judge Marcia A. Crone. The United States Probation Office filed its *Second Amended Petition for Warrant or Summons for Offender Under Supervision* (doc. #46) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on December 16, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the

hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

**A. Procedural History**

On September 10, 2009, the Honorable Marcia A. Crone sentenced Elton Mims, Jr., after he pled guilty to the offense of felon in possession of a firearm, a Class C felony. The Court sentenced the defendant to 37 months imprisonment to be followed by 3 years of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse treatment and testing, mental health treatment, and a $100 special assessment. On February 3, 2012, Mims completed his period of imprisonment and began service of the supervision term.

### B. Allegations in Petition

The United States alleges that the defendant violated the following mandatory condition of supervised release:

*The defendant shall not commit another federal, state or local crime.*

On May 23, 2012,[1] Elton Mims, Jr. was charged with being a felon in possession of a firearm.

### C. Evidence presented at Hearing

At the hearing, the Government proffered evidence establishing that on May 23, 2012, Elton Mims, Jr., was arrested by the Port Arthur Police Department for being a felon in possession of a firearm. The Government would further establish through documentary evidence that Mims was subsequently indicted on the felon in possession charge in cause number 1:12-CR-115 here in the United States District Court for the Eastern District of Texas. Mims later pled guilty to that charge and was sentenced before United States District Judge Thad Hearfield.

Defendant, Elton Mims, Jr., offered a plea of true to the allegation in the petition. Specifically, he agreed with the evidence presented and pled true to the allegation that he committed a new crime in violation of his supervision conditions in this case.

### D. Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). The Court factually finds by a preponderance of the evidence that the defendant violated a mandatory condition of his supervised release by being convicted on

---

[1] There is a typographical error in the Second Amended Petition stating that Mims was arrested and charged on April 23, 2012. The correct date is May 23, 2012, which the parties stipulated to on the record of the revocation hearing.

the crime of being a felon in possession of a firearm while on supervised release.

If the Court finds that Mr. Mims violated his supervision conditions in the manner stated above, this will constitute a Grade B violation under U.S.S.G. § 7B1.1(a). Upon finding a Grade B violation, the Court shall revoke the defendant's supervised release. *See* U.S.S.G. § 7B1.3(a)(1). Based upon the defendant's criminal history category of VI and the Grade B violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 21 to 27 months. *See* U.S.S.G. § 7B1.4(a). Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two years. *See* 18 U.S.C. § 3583(e)(3). The maximum term of imprisonment possible in this case is, therefore, capped at 24 months.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only. *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States v. Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)). Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[2], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated

---

[2] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade B violation of his supervision conditions by being convicted of the new crime of felon in possession while on supervised release. The defendant knowingly and voluntarily pled true and agreed with the Court's recommended sentence for the violation.

At the revocation hearing, the parties could not reach an agreement on the appropriate sentence for the supervised release violation. Mims pled true to the violation but requested that he receive a sentence at the lower end of the range suggested by the Guidelines. The Government argued for the maximum 24 month imprisonment term. The parties made arguments to the Court and the defendant allocuted. The parties' arguments are set forth in detail in the record of the revocation hearing.

After considering the circumstances of the case and the arguments and evidence presented, the Court finds that Defendant violated his conditions of supervised release with the Grade B violation as stated *supra*. In reaching a decision on an appropriate sentence, the Court takes the following factors into consideration

The Court notes the defendant's extensive criminal history as reflected in the Presentence Investigation Report filed in 1:12CR115. At the same time, the Court acknowledges Mims' acceptance of responsibility, the efforts he made to comply with his conditions of supervised release, and his honesty with the Court when he allocuted before the undersigned. This Court also takes into account the provision in the Guidelines recommending that the revocation sentence run consecutively - not concurrently - to the new 78 month term of imprisonment that Mr. Mims is

currently serving as imposed in 1:12CR115.[3]

Therefore, based upon the plea of true and the evidence presented in this case, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. Considering the totality of the circumstances in this case and the new federal conviction, the undersigned magistrate further recommends that the District Court order Defendant to serve a term of **twenty-one (21) months imprisonment** in this cause, with no further term of supervision to follow in this case. The Court would further recommend that this term of imprisonment be imposed to run **consecutively** to the new term of imprisonment Mr. Mims received in criminal cause number 1:12-CR-115, filed here in the Eastern District of Texas.

**OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded

---

[3] U.S.S.G. § 7B1.3(f) suggests that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." The Fifth Circuit has repeatedly upheld revocation sentences ordered to run consecutively to sentences imposed for the underlying offenses leading to the revocation and has noted the consecutive sentence preference under the Guidelines. *See United States v. Perez-Rodriguez*, No. 11-50149, 2011 U.S. App. LEXIS 19721, 2011 WL 4448746 at *2 (5th Cir. Sept. 27, 2011), *cert. denied*, 132 S. Ct. 1120 (2012) (citing 18 U.S.C. § 3584; *United States v. Gonzalez*, 250 F.3d 923, 929 n.8; U.S.S.G. § 7B1.3(f) and comment (n.4); *United States v. Ramirez*, No. 06-11323, 264 F. App'x 454, 458-59 (5th Cir. Feb. 4, 2008)).

by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 23rd day of December, 2013.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE